UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00048-HAB-SLC |
| | ) | |
| FREDRICK J. MORGAN, II *also known* | ) | |
| *as* Frederick J. Morgan, Jr. | ) | |

**FINDINGS AND RECOMMENDATION
OF THE MAGISTRATE JUDGE
UPON A PLEA OF GUILTY**

TO:   THE HONORABLE HOLLY A. BRADY, DISTRICT JUDGE,
      UNITED STATES DISTRICT COURT

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Susan Collins, on August 2, 2021, with the written consents of Defendant, counsel for Defendant, and counsel for the United States of America.

For the proceeding, counsel for the United States of America was physically present in the courtroom with the courtroom deputy clerk. The Magistrate Judge and counsel for Defendant appeared by video teleconference. Defendant participated by video teleconference from the detention facility where he is in custody. Defendant consented to appearing by video teleconference, and both he and his lawyer stated that they had discussed the matter. Defendant's image and voice were clear, and I confirmed that he could see and hear me and counsel clearly.

I proceeded without Defendant physically present because, during the national emergency created by the novel coronavirus (COVID-19) pandemic, Defendant could not be physically present without seriously jeopardizing public health and safety. *See* General Order No. 2020-08 (implementing Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136

("CARES Act"), and March 29, 2020, action by Judicial Conference authorizing video teleconferencing or teleconferencing under certain circumstances); General Order 2021-19 (extending the authorization for use of video teleconferencing or teleconferencing for the instances described in General Order 2020-08).

I did not further postpone the plea because Defendant's lawyer contended, and I FIND, that further delay of the plea would cause serious harm to the interests of justice. Specifically, I FIND that the plea in this case cannot be further delayed without serious harm to the interests of justice because:

(1) delaying the proceedings further to accommodate an in-person plea hearing is impracticable given that there is no ascertainable end to the current National Emergency stemming from the COVID-19 virus, and the interests of justice will be seriously harmed by prolonged, indefinite delays of the plea hearing in light of Defendant's desire to plead guilty;

(2) proceeding with the plea hearing by video teleconference at this time reduces the potential that any necessary participant in the hearing—including, specifically, Defendant, Defendant's counsel, the Assistant United States Attorney, and/or any relevant case agent(s) with personal knowledge of the case—may become unavailable or unable to attend a plea hearing in person due to illness; and

(3) delay of the felony plea in this case will also delay the sentencing proceedings for an indeterminate period of time, which delay may – depending upon the sentence imposed and Defendant's eligibility to receive credit for time served – result in Defendant remaining incarcerated for a longer period of time than if Defendant were to enter a guilty plea at the currently scheduled hearing and proceed to sentencing in the normal course.

The hearing on Defendant's plea of guilty was in full compliance with Rule 11, Federal Rules of Criminal Procedure, as supplemented by, and in accordance with, Section 15002 of the CARES Act and General Orders 2020-08 and 2021-19.

I FIND as follows:

(1) that Defendant understands the nature of the charge against him to which the plea is offered;

(2) that Defendant understands his right to trial by jury, to persist in his plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his right against compelled self-incrimination;

(3) that Defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and Defendant understands that the Sentencing Guidelines apply and that the Court may depart from those guidelines under some circumstances;

(4) that the plea of guilty by Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that Defendant is competent to plead guilty;

(6) that Defendant understands that his answers may later be used against him in a prosecution for perjury or false statement;

(7) that there is a factual basis for Defendant's plea; and further,

I RECOMMEND that the Court accept Defendant's plea of guilty and that Defendant be adjudged guilty of the offense charged in Count 1 of the nineteen-count Indictment, and have sentence imposed. A Presentence Report has been ordered. Should this Findings and

Recommendation be accepted and Defendant adjudged guilty, sentencing will be scheduled before District Judge Holly A. Brady by separate order and notice. Objections to the Findings and Recommendation are waived unless filed and served within fourteen (14) days. 28 U.S.C. § 636(b)(1)(B).

DATED this 2nd day of August 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge
